CLINTON E. WORDEN & CO. v. CALIFORNIA FIG SYRUP CO.

(Circuit Court of Appeals, Ninth Circuit. May 21, 1900.)

No. 564.

1. TRADE-NAMES—RIGHT TO PROTECTION—USE FOR PURPOSE OF DECEPTION.
  The name "Syrup of Figs," used upon a medicinal preparation to be taken in small doses, and when accompanied by descriptive matter printed upon the package plainly indicating that the medicinal properties claimed for the remedy are not derived from figs. but from "the laxative principles of plants known to act most beneficially," is not so calculated to mislead and deceive purchasers as to deprive the manufacturer of the right to protection in the exclusive use of such name as a fanciful designation of its product; it being shown that such product in fact contains so little fig juice as to have no appreciable effect, either medicinally or otherwise, and that no such preparation as "syrup of figs" is known to the drug trade.

2. APPEAL—REVIEW—NECESSITY OF ASSIGNMENT OF ERROR.
  A ruling on a demurrer to a bill on the ground of multifariousness cannot be reviewed on appeal when no assignment of error is made thereon; the defect, if it exists, being one which may be waived.

3. SAME.
  A provision of a decree in a suit for unfair competition requiring defendant to account for profits, although the bill contained no allegation that defendant had realized profits, is not so plainly erroneous as to require consideration by an appellate court, in the absence of an assignment of error thereon.
  Ross, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Northern District of California.

The appeal in this case is from an interlocutory decree in a trade-mark case ordering an injunction. and accounting of profits. The bill alleges that in 1879 Richard E. Queen invented a medical remedy for constipation, consisting of a solution of plants known to be beneficial to the human system, and that said preparation became popular and found a ready sale; that the said Queen soon thereafter sold his invention to the complainant, the California Fig Syrup Company, the appellee herein: that this medical compound has always been marked and named "Syrup of Figs," and has been advertised under that name, and that the complainant and its predecessors in interest were the first to designate a laxative preparation by the name "Syrup of Figs," and the first to pack and dress or mark a liquid laxative preparation or medicine in an oblong, rectangular box, with a statement of its virtues printed thereon, and having on the front thereof a representation of a branch of a fig tree bearing fruit and leaves, surrounded by the words "Fig Syrup Company," or "California Fig Syrup Company," and below thereof the words "Syrup of Figs"; that the complainant has spent large sums of money in advertising said preparation under the name of "Syrup of Figs" or "Fig Syrup," and large quantities thereof have been sold, and that the business is one of great profit; that by virtue of the premises the complainant has acquired the exclusive right to the name "Syrup of Figs" or "Fig Syrup," as applied to a liquid laxative medical preparation. The bill proceeds to charge that the appellant, Clinton E. Worden & Co., a corporation, has manufactured a compound in imitation of the complainant's Syrup of Figs, and called it by the name "Syrup of Figs," and has put up the same in bottles and packages in imitation of the complainant's bottles and packages, and that the other defendants are druggists doing business in San Francisco. and are engaged in selling the medicine so put up by the appellant. The defendants demurred to the bill on the ground that it was multifarious, and for want of equity, for the reason that the words "Syrup of Figs" were necessarily either descriptive or deceptive, and in neither event could they form the subject-matter of a lawful trade-mark. The demurrer was overruled, and the defendants answered, admitting that the appellant had manufactured and the other defendants had sold a liquid laxative under the name of "Syrup of Figs"; but they denied that the complainant was entitled to relief in equity, for the reason that it had fraudulently represented the nature of its preparation, and they alleged that in fact said preparation never did contain any syrup of figs or any juice of figs, and that the name "Syrup of Figs" or "Fig Syrup" was designed and adopted with the intent to deceive the public and perpetrate a fraud upon it, by inducing it to believe that the preparation contained figs, and that by reason thereof it possessed laxative properties, and that the public had thereby been induced to believe said statements concerning the complainant's medicine, whereas in fact the said preparation consists of the well-known laxative, senna, combined with certain aromatic substances, added for the purpose of giving it a pleasant taste and counteracting the griping effect of senna. Elaborate proofs were taken upon the issues so raised, and upon the hearing the court found that the complainant was entitled to an injunction on the ground of unfair competition in trade, for the reason that, in the opinion of the court, the form and appearance of the defendant's bottles, labels, and packages so nearly resembled those of the complainant as to constitute unfair competition in trade: and in the decree the court enjoined the defendants from using or selling or offering for sale a liquid laxative medicine under the name of "Syrup of Figs" or "Fig Syrup." or under any name in colorable imitation of the name "Syrup of Figs." 95 Fed. 132.

Purcell Rowe and John H. Miller, for appellant.
Warren Olney, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The question presented in this case is whether the appellee has so fraudulently represented to the public the nature of the preparation which he has sold under the name of "Syrup of Figs" that a court of equity may not protect him in the use of that name. We are referred to two decisions of the circuit courts of appeals which it is said answer this question in the affirmative. California Fig Syrup Co. v. Frederick Stearns & Co., 20 C. C. A. 22, 73 Fed. 812, 33 L. R. A. 56, and Same v. Putnam, 16 C. C. A. 376, 69 Fed. 740. It is said, moreover, that the decision of this court in the case of Improved Fig Syrup Co. v. California Fig Syrup Co., 4 C. C. A. 264, 54 Fed. 175, holding the appellee herein guiltless of any attempt to impose upon or defraud the public, was rendered upon a proposition that was not involved in the case, and that therefore the remarks of this court upon that subject are obiter, and are not authority upon the question which is now under consideration. The two decisions so cited from the circuit court of appeals for the First and the Sixth circuits were based upon facts which differ in material respects from the facts upon which the decree was rendered in the case at bar. In those cases it was shown that the appellee's fig syrup was offered to the public under the representation that it contained the laxative and nutritious juice of the figs of California, and the preparation was designated "The California Liquid Fruit Remedy," whereas in fact it was shown that there never had been in the preparation more than one-tenth of 1 per cent. of the juice of figs,—a quantity so small as to have no perceptible effect either medicinally or by way of flavor. The record in the present case shows that, after the decisions in those cases were rendered, the appellee made material alterations in the representations which were printed on the cartons or boxes inclosing its remedy, and in its new label eliminated the representations which had controlled decision in the cases referred to, and that in lieu thereof it set forth the following representations:

"This excellent remedy presents in the most acceptable form the medicinally laxative principles of plants known to act most beneficially, to cleanse the system effectually, to permanently overcome habitual constipation and the many ills dependent on it, etc. The juice of figs in the combination is to promote the pleasant taste."

It is by these representations so offered to the public that the rights of the appellee in the present case must be measured. It is urged that there still remains the false representation which is suggested by the name of the preparation which is thus offered for sale. It is said that the name "Syrup of Figs" is a false name; that it declares to the public that the preparation is composed of a liquid decoction of figs; that, therefore, it is calculated to deceive the public. It is argued that, if the name does in fact properly designate the preparation, it is not susceptible of appropriation as a trademark, and that, if it does not in fact properly designate the preparation, it is deceptive, and therefore not entitled to protection in a court of equity. The first horn of this dilemma so presented may be disregarded. The appellee's medicinal preparation is not a syrup of

figs. It is not made from figs, and the quantity of figs used in its preparation is so small that it must be conceded to have little, if any, perceptible effect, either in promoting the pleasant taste or otherwise. It is shown, also, that there is known to the drug trade no such preparation as a syrup of figs, and that appellee's grantor was the first to use the name. We do not think the name "Syrup of Figs," as applied to the appellee's preparation, is in itself calculated to mislead or deceive the public to any material extent. Any one who knows enough to take medicine when he is ill must know that a liquid medicine to be taken in small doses as a laxative would be worthless for the purpose intended, if it consisted of nothing more than a syrup or decoction of figs. There is in the form in which the medicine is presented, the purpose for which it is used, and the size of the dose which is prescribed, sufficient to charge him with notice that the medicine contains something more than a preparation of figs. And if, indeed, he be so uninformed and ignorant that the name "Syrup of Figs" alone conveys to him the impression that the compound is made of figs, there may be found in the carton a distinct intimation to the contrary. It is there declared that the "remedy presents in the most acceptable form the medicinally laxative principles of plants known to act beneficially," and that the juice of the figs in the combination is only to promote the pleasant taste. As the name "Syrup of Figs" is so used by the complainant, it is a fanciful name only. The equities of the case are not affected either for or against the appellee by the use of the very small quantity of figs which enter into the preparation of its medicine. Centaur Co. v. Robinson (C. C.) 91 Fed. 889; Von Mumm v. Frash (C. C.) 56 Fed. 830; Stone Co. v. Wallace (C. C.) 52 Fed. 431; Stuart v. F. G. Stewart Co., 33 C. C. A. 489, 91 Fed. 243; Société Anonyme de la Distillerie de la Liqueur Benedictine de L'Abbaye de Fecamp v. West Distilling Co. (C. C.) 43 Fed. 416.

It is contended that there was reversible error in the ruling of the court upon the question of the multifariousness of the bill. It is said that the bill was multifarious for the reason that it failed to charge that there was concert of action between the various defendants who sold the fig syrup which was manufactured by Clinton E. Worden & Co., and that in the absence of such an allegation the defendants could not be joined in a single suit. If the bill was indeed multifarious, it was a defect which could be waived by the defendants. We think they did so waive it by their failure to include in their assignments of error the ruling of the court upon that question. It is contended further that the portion of the decree which awards an accounting is erroneous, for the reason that, in a suit on a common-law trade-mark, the complainant is not entitled to recover the defendants' profits, but only his own damages, and for the further reason that in the present case the bill contains no allegation that the defendants realized any profits. The action of the court in so decreeing an accounting of the profits is not assigned as error, and we do not consider it such plain error as to require our consideration in the absence of such assignment. The appellant suggests that the court must have adopted that portion of the decree through inad-

vertence. If such is the case, and the decree is erroneous in that respect, we apprehend that no difficulty would be encountered in obtaining its correction upon application to the circuit court. The decree is affirmed.

ROSS, Circuit Judge, dissents.